## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### February 8, 1924.

## MATTER OF MICHAEL W. CASEY.

(208 App. Div. 24.)

ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—ATTORNEY SUSPENDED FOR THREE MONTHS FOR APPROPRIATING MONEY PAID TO HIM FOR STENOGRAPHER'S FEES.

An attorney at law suspended from practice for three months for appropriating to his own use money paid to him by another attorney as the latter's share of the fees of a stenographer for transcribing the minutes of a case in which both attorneys appeared.

Moneys received by an attorney as an attorney for a specific purpose may not be appropriated to satisfy the personal pecuniary needs of the attorney, but must be expended for the purpose for which they are received.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Lowen E. Ginn,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in July, 1898, by the Appellate Division of the Fourth Department and was practicing in the First Department at the time of the acts complained of. The petition charges the respondent with misconduct as an attorney at law and the learned official referee, to whom the matter was referred, in his report finds the respondent guilty as charged. The facts are as follows: The respondent acted as an attorney for one of the defendants in an action entitled

Oestreicher v. Frankel, in the Supreme Court, New York county. It was tried in May, 1921, and judgment was rendered against the respondent's client who thereafter appealed to the Appellate Division. In August, 1921, the respondent requested the official stenographer who had taken the minutes at the trial to transcribe the same and furnish him with a copy thereof. In September, 1921, the respondent made an agreement with Mark Eisner, who appeared as counsel for plaintiff in said action, whereby Mr. Eisner agreed to pay one-half of the expenses of transcribing the minutes, it being understood that he was to have the use of a copy from the stenographer for use on appeal. On September 8, 1921, Mr. Eisner sent the respondent a check for the sum of $66.95 with a letter in which he stated: " I am also enclosing check for $66.95 being one-half the stenographer's bill for the minutes of the trial."

Respondent acknowledged the receipt of letter and check in which he said: " I received your check for $66.95 being one-half of the stenographer's bill of the minutes of the appeal of Oestreicher v. Frankel *et al.,* for which I thank you."

The charge is that the respondent instead of sending the amount of said check to the stenographer concealed its receipt and converted the same to his own use. The stenographer testified that he asked the respondent for the payment of his bill before delivering the minutes and the respondent said he would try to get the money for him; that he had several conversations with him up to November 10, 1921, in reference to payment of the bill and on that day respondent assured him positively that he would be paid by November eighteenth; that he delivered the minutes on November tenth; that the respondent did not at any time before November tenth say anything to him about having received any part of the money from anybody; that he did not receive payment on November eighteenth, and that he saw the respondent several times and wrote him several letters. He further testifid that on January

12

24, 1922, the respondent told him that he had received this one-half share of the amount due for the minutes from Mr. Eisner, and that after waiting until March fifteenth for payment, he notified the Bar Association of these facts on that date. The respondent admits the receipt of the letter and chcek above referred to and that he used the mony for his own purposes. He contends that he had a right to do so, and that he had done nothing reprehensible in the matter. It is conceded that after the proceedings before the Grievance Committee of the Bar Association were commenced, the respondent paid the amount of the stenographer's bill in full.

This court has many times held that disciplinary proceedings are not instituted for collection purposes, and that the payment of moneys claimed to have been improperly withheld, diverted or converted after the institution of proceedings does not constitute a defense or condonation. The respondent's contention is that although this money was given to him for a specific purpose, namely, to pay one-half of the stenographer's fees for the transcribing and furnishing of the minutes, he was perfectly justified in withholding it from the stenographer and applying it to his own uses. We cannot agree with this contention. Moneys received by an attorney as an attorney for a specific purpose may not be appropriated to satisfy the personal pecuniary needs of the attorney with the approval of this court. While the amount involved is small the act was none the less reprehensible. The finding of the learned official referee is approved and the respondent should be suspended from practice for three months, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Respondent suspended for three months. Settle order on notice.